TRI–COUNTY HOSPICE,
INC., Plaintiff,

v.

Kathleen SEBELIUS, Secretary of the U.S. Department of Health and Human Services, Defendant.

Nos. CIV–08–273–RAW,
CIV–09–407–RAW.

United States District Court,
E.D. Oklahoma.

March 8, 2010.

Brian M. Daucher, Sheppard Mullin Richter & Hampton, Costa Mesa, CA, Linda G. Scoggins, Sarah J. Glick, Scoggins & Cross, Oklahoma City, OK, for Plaintiff.

Cheryl R. Triplett, U.S. Attorney, Muskogee, OK, for Defendant.

## ORDER

RONALD A. WHITE, District Judge.

Plaintiff is a Medicare certified hospice provider in Idabel, Oklahoma. As a hospice provider, it provides hospice care to eligible terminally-ill Medicare patients and services to their families. The federal government pays hospice providers pursuant to a Medicare program. The Department of Health and Human Services administers the hospice benefit and reimburses hospice providers on a per diem basis for services to patients. Annual reimbursements are subject to an aggregate annual provider cap. Providers whose revenues from Medicare exceed their ag-gregate cap are subject to demands for repayment of the difference.

Plaintiff commenced case no. 08–cv–273 in this court on July 21, 2008, regarding Medicare's cap demands for FY 2005 and FY 2006. On April 20, 2009, this court stayed that action pending the result of the appeal from Judge Frizzell's ruling in *Sojourn Care, Inc. v. Leavitt*, No. 07–CV–375–GKF (N.D.Okla.). On October 22, 2009, the same plaintiff commenced no. 09–cv–407 in this court, regarding Medicare's cap demands for FY 2007. At the status conference in 09–cv–407, plaintiff objected to a stay, noting that—despite the ruling by Judge Frizzell (and other district courts) that the regulation in question was invalid—the defendant was continuing to use the regulation to calculate repayment as to plaintiff[1]. The court asked the parties to confer and determine if they could achieve a "standstill agreement" until the Tenth Circuit issued a ruling in the pending appeal. The parties were unable to do so, and this court has lifted the stay. The court has also consolidated the two cases.

Summary judgment briefing was complete in 08–cv–273 at the time of the stay. The court denied plaintiff's pending motion without prejudice to renewal. Plaintiff has not formally moved to renew the motion, but the court is now prepared based on the present record to issue a ruling (as it advised the parties at the status and scheduling conference) in these cases[2].

▮ The plaintiff's asserted challenge is that the regulation governing calculation of the cap, 42 C.F.R. § 418.309(b), conflicts with the plain language of the governing statute, 42 U.S.C. § 1395f(i)(2)(C). Defen-

---

1. The court is not suggesting this was improper on defendant's part. One district judge entered a "nationwide injunction" in a case of this type, but has stayed that portion of its ruling pending appeal. *See Los Angeles Ha-* *ven Hospice, Inc. v. Sebelius*, 2009 WL 5865300 (C.D.Cal.2009).

2. No briefing has been done in case no. 09–cv–407, but the identical issues are presented.

dant contends preliminarily that the court should not reach the merits because plaintiff has not established standing to sue.

A plaintiff bears the burden of proving standing. *New England Health Care Employees Pension v. Woodruff,* 512 F.3d 1283, 1288 (10th Cir.2008). A plaintiff must prove (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.*

First, a brief interlude is necessary to explain the precise nature of the action before the court. If a provider is dissatisfied with its payment determination, it may obtain a hearing before the Provider Reimbursement Review Board (PRRB), if the amount in controversy is $10,000 or more. *See* 42 U.S.C. § 1395oo (a). If, however, the PRRB determines that it lacks authority to decide a question of law presented by the appeal, provision exists for expedited judicial review (EJR) in lieu of an administrative hearing. *See* 42 U.S.C. § 1395oo (f)(1); 42 C.F.R. § 405.1842. *See generally Nat'l Hospice & Palliative Care Org., Inc. v. Weems,* 587 F.Supp.2d 184, 190–91 (D.D.C.2008). It is on the basis of EJR that this case comes before this court, as it is the basis for the other challenges around the country.

In this posture, the district court's task is quite limited. "If the PRRB decides that it has jurisdiction over an appeal but lacks the authority to decide the controlling question of law, it may grant an EJR." *Anaheim Memorial Hosp. v. Shalala,* 130 F.3d 845, 848 (9th Cir.1997). Therefore, this court's task is rather analogous to the highest court of a state being certified a discrete question of law[3]. In the case at bar, the question of law "certified" for resolution by the PRRB is the validity or invalidity 42 C.F.R. § 418.309(b)[4]. In other words, the plaintiff's administrative appeal remains pending, awaiting this court's legal determination. Accordingly, this court declines to follow those courts which (in connection with the inquiry as to standing) have remanded an EJR suit of this type to the PRRB for the purpose of obtaining factual findings as to evidence of harm to plaintiff from the regulation, i.e., the difference between the amount demanded for repayment using Medicare's calculation under the challenged regulation and any proposed calculation of plaintiff. The court finds that such a remand renders nugatory the word "expedited" in EJR[5]. The PRRB has found that the estimated amount in controversy exceeds $10,000. Such an unadorned finding may well be sufficient to establish standing for the statutory *right* to seek judicial review of a question of law provided by 42 U.S.C. § 1395oo (f)(1).

In the alternative, the court relies on the statement in *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 562, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) that "when the plaintiff is himself an object of the [government] action ... there is ordinarily little question

---

3. The analogy is not exact, because this court also has the authority to enter an injunction as to the use an invalid regulation.

4. Such a question is outside the authority of the PRRB, because that body is bound by all Medicare regulations. *See* 42 C.F.R. § 405.1867,

5. The court concedes it did not provide expedited review by initially staying case no. 08–cv–273. At the time, the court believed it was conserving judicial resources, and the time and resources of the parties. The court has now been disabused of that notion.

that the action has caused him injury, and that a judgment preventing or requiring the action will redress it." In other words: "[P]laintiffs are typically presumed to have constitutional standing when, as here, they are directly regulated by a rule[.]" *American Petroleum Institute v. Johnson*, 541 F.Supp.2d 165, 176 (D.D.C.2008).

The court is aware of the additional statement in *Lujan* that the showing on standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130. Thus, to avoid a summary judgment, the plaintiff "must set forth by affidavit or other evidence specific facts" supporting standing. *Id.* Again, the case at bar involves a plaintiff which is the subject of the challenged regulation. Also, this is a limited proceeding involving a "certified" legal question from a pending administrative appeal. The court need not have permitted a vehicle called "motion for summary judgment" but could have simply asked for briefs on the legal question. No discovery has been permitted and typically review is limited to the administrative record. The court is not persuaded a heightened burden requiring "specific facts" (over and above the PRRB's finding as to amount in controversy) is necessarily appropriate in this context.

As further support, the court agrees with those district courts which have found the existence of standing apart from any asserted monetary injury. In *Los Angeles Haven Hospice, Inc. v. Leavitt*, 2009 WL 5868513 (C.D.Cal.2009), the court stated: "The injury in fact in this context (if Plain-

tiff's statutory argument has merit) is the fact that HHS is operating an invalid regulation, leading to accounting and payment inaccuracies." In *Lion Health Services, Inc. v. Sebelius*, 689 F.Supp.2d 849, 2010 WL 637954 (N.D.Tex.2010), the court found injury in fact, causation and redressability all satisfied simply because calculations were made according to an unlawful regulation, assuming the regulation was in fact ultimately deemed invalid. The court rejects defendant's argument regarding standing [6].

█ Defendant additionally argues that this court lacks jurisdiction over plaintiff's challenge to the Medicare payment determination for the 2005 cap year because plaintiff failed to pursue an administrative appeal with respect to the 2005 cap year. Again, the court is not persuaded that is an issue to be resolved in this context. EJR is an exception to the doctrine of exhaustion of remedies. *See Three Lower Counties Comm'ty Health Servs., Inc. v. United States Dep't of Health and Human Servs.*, 517 F.Supp.2d 431, 435 n. 4 (D.D.C. 2007). If plaintiff failed to properly appeal regarding the 2005 cap year, that issue can be addressed by the PRRB upon remand.

█ Finally reaching the merits, the court finds well-trod ground. So far as the court can determine, each district court to have proceeded to this point has found the regulation invalid. The court finds these analyses persuasive, and will not repeat them in detail. Simply put, "Section 418.309(b)(1) clearly does not follow the method described in § 1395f(i)(2)(C). Instead, it drastically changes it." *Lion Health*, at 856, at *6. This court finds the regulation invalid. Having reached this conclusion, necessarily the court finds that

---

**6.** The court notes in passing the statement by the *Lion Health* court that "the Secretary does not dispute plaintiff's standing to challenge the validity" of the regulation. *Id.*

(Westlaw has omitted the apostrophe in the word "plaintiff's" although it appears in the actual order, a copy of which is filed of record in this case.)

an injunction against the regulation's use is appropriate.

It is the order of the court that judgment be entered in favor of the plaintiff and against the defendant.